### George Washington v. The State.

#### No. 4327.   Decided March 18, 1908.

**Theft From the Person—Sufficiency of Evidence.**

See opinion for evidence held sufficient to support a conviction of theft from the person.

Appeal from the District Court of Bowie.   Tried below before the Hon. P. A. Turner.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the District Court of Bowie County, Texas, on a charge of theft from the person, and his punishment assessed at two years confinement in the penitentiary.

There are no bills of exception in the record, and practically the

only question raised is the sufficiency of the evidence to sustain the verdict of conviction. The record shows, in substance, that George Washington, appellant, was a negro, and that he kept a restaurant and barbershop in the town of New Boston in Bowie County. The prosecuting witness, Will Robinson, from whom the money was charged to have been stolen, was a stranger in the county, and had come in the town of New Boston about the 2nd day of December, 1907. While in the restaurant dining with two negro women, and after he had spent some few dollars, he exhibited a five dollar bill, which he had in his hands, when appellant, as he says, whirled around and said to him, "Give me this money; you don't know what to do with it nohow. I know better what to do with it." Robinson testified that he thought at the time appellant was playing, and said to him, "That's all right, you are a responsible man, I guess, running a responsible house. All I want is my five dollars when I ask for it." He states positively that he did not give his consent for him to snatch the five dollars, and that it was not taken with his consent, and in a few minutes, seeing that Washington was really in earnest about keeping his money, he asked him for it, and Washington said, "I ain't got your money." The testimony of Robinson was corroborated in some respects by the evidence of other witnesses. Other testimony suggests that if the money was taken, it was picked up from the table and not taken from the person of Robinson, and there is some testimony suggesting that the money was deposited or left with Washington by appellant with the understanding that he would call for it later when he wanted it, and this testimony suggests the idea that the witness Robinson later became involved in some trouble, and the officers sought to arrest him, and he ran off and left his money still in possession of Washington. The charge of the court presented the whole matter fairly to the jury, and in view of their verdict affirming appellant's guilt, and having respect for the action of trial court which declined to set aside the verdict on account of its insufficiency, we have not felt at liberty to reverse the case on account of the insufficiency of the evidence, though we have some doubt as to whether really there was a theft.

The judgment of the court below is affirmed.

*Affirmed.*